UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X

ROBERT PERUGGI,

    Plaintiff,

    – against –

COUNTY OF SUFFOLK, et al.,

    Defendants.

---------------------------------X

ORDER ADOPTING REPORT
AND RECOMMENDATION
09-CV-5605 (JFB)(AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 03 2012 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

Plaintiff filed his complaint in this case on December 4, 2009. On December 12, 2011, plaintiff's attorney filed a motion to withdraw due to a breakdown in the attorney-client relationship. On January 5, 2012, Magistrate Judge Tomlinson, granted plaintiff's attorney's motion to withdraw as counsel. In an Order filed January 6, 2012, Magistrate Judge Tomlinson allowed plaintiff forty-five days to obtain new counsel, and ordered plaintiff to personally appear at a conference on February 17, 2012 if he did not obtain new counsel. Magistrate Judge Tomlinson directed attorney Andrew Molbert to serve the Order on plaintiff, and Mr. Molbert filed a certificate of service on January 7, 2012. Plaintiff did not appear at the conference on February 17, 2012, and Magistrate Judge Tomlinson filed an Order on February 21, 2012 indicating that she would prepare a report and recommendation to the undersigned recommending that this case be dismissed for failure to prosecute. Magistrate Judge Tomlinson's Chambers sent a copy of the February 21, 2012 Order to plaintiff by first class mail. On April 24, 2012, Magistrate Judge Tomlinson filed a report and recommendation (the "R&R") recommending that plaintiff's case be dismissed based on his repeated failure to comply with the

Court's Orders as well as his failure to prosecute his claims. On May 29, 2012, Magistrate Judge Tomlinson issued an Order indicating that the R&R did not contain a directive to defendants' counsel to serve a copy of the R&R on the plaintiff. Therefore, the Court mailed plaintiff a copy of the R&R and the Order of May 29, 2012 to the plaintiff's last known address. Both the R&R and the May 29, 2012 Order inform plaintiff that he will have fourteen days from the receipt of the R&R to file any objections. To date, although the deadline for objections has expired, no objections have been filed.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). As set forth below, the Court adopts the R&R in its entirety and dismisses the case with prejudice.[1]

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir.

---

[1] Although no objections were made, the Court notes that its decision would be the same even under a *de novo* standard of review.

2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's

undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Under the circumstances, the above-referenced factors favor dismissal of the instant case. In the R&R, Magistrate Judge Tomlinson outlined plaintiff's failure to participate in discovery and plaintiff's non-compliance with Court Orders. Plaintiff was notified, in Magistrate Judge Tomlinson's January 5, 2012 Order, that failure to appear at the February 17, 2012 conference would result in an R&R recommending that the case be dismissed. When plaintiff failed to appear at the conference, Magistrate Judge Tomlinson sent him the February 21, 2012 Order indicating that an R&R recommending dismissal would be prepared. The R&R provided plaintiff with fourteen days to object to the findings, and plaintiff has not filed objections or contacted the Court in any way. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendant of continuing to keep this action open. Moreover, the court needs to calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all of the above-referenced factors favor dismissal of the instant case. Given the advanced stage of this case, as the complaint was filed in 2009, discovery was substantially complete before plaintiff's non-compliance and the New York State defendants filed a motion for summary judgment in December 2011, dismissal with prejudice is warranted.

IT IS ORDERED that the plaintiff's complaint is dismissed with prejudice pursuant to Rule 41(b), for the reasons articulated by Magistrate Judge Tomlinson. The Clerk of the Court shall enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that counsel for defendants shall serve a copy of this Order on plaintiff by mailing it to his last known address.

SO ORDERED

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: July 3, 2012
      Central Islip, NY